Ben M. Davidson (State Bar No. 181464)
DAVIDSON LAW GROUP, ALC
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 473-2300
Facsimile: (310) 473-2941
Email: bdavidson@davidson-lawfirm.com

Nadya C. Davis (*pro hac vice* application to be filed)
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: 303-473-2700
Fax: 303-473-2720
Email: ncdavis@hollandhart.com

Attorneys for Plaintiff, RE/MAX, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

RE/MAX, LLC, a Delaware Limited Liability Company,

Plaintiff,

v.

ARE GROUP, INC., a California Corporation, d/b/a AMEN REAL ESTATE, and JAMES AMEN, an individual,

Defendants.

Case No.

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**

**(2) UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A);**

**(3) TRADEMARK INFRINGEMENT UNDER CAL. BUS. & PROF. CODE § 14200, ET SEQ.;**

**(4) UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200, ET. SEQ.; AND**

**(5) COMMON LAW UNFAIR COMPETITION**

Plaintiff RE/MAX, LLC ("RE/MAX") for its Complaint against Defendants Are Group, Inc., d/b/a Amen Real Estate ("Amen") and James Amen ("Mr. Amen") (Amen and Mr. Amen collectively "Defendants") alleges as follows:

## Nature of the Action

In this action, RE/MAX seeks injunctive and monetary relief for acts of trademark infringement and unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051 et seq., trademark infringement under Cal. Bus. & Prof. Code § 14200 et seq., unfair competition under Cal. Bus. & Prof. Code § 17200 et seq., and unfair competition under the common law of the state of California.

## The Parties

1. RE/MAX is a Delaware limited liability company with its principal place of business at 5075 South Syracuse Street, Denver, Colorado 80237.

2. Upon information and belief, Are Group, Inc. is a California corporation doing business as Amen Real Estate, which offers real estate brokerage services in this District.

3. According to the California Secretary of State public records, Amen's principal place of business and Registered Agent address is 1812 J Street, Suite 1, Sacramento, CA 95811.

4. Upon information and belief, James Amen is an individual residing and providing real estate brokerage services within this District and can be served at the address set forth above.

5. According to the California Secretary of State public records, Mr. Amen is the Registered Agent and Broker of Record for Amen.

## Jurisdiction and Venue

6. This action arises under §§ 1114 and 1125(a) of the Lanham Act, 15 U.S.C. § 1051 et seq.; Cal. Bus. & Prof. Code § 14200 et seq. and § 17200 et seq.; and the common law of the state of California.

7. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

8. This Court has personal jurisdiction because Defendants conduct business in and/or reside in the state of California.

9. Venue is proper within this judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

**Background**

10. Operating throughout the United States, the RE/MAX franchise network (the "RE/MAX Network") is a real estate system of independently owned and operated franchised offices and their affiliated independent contractor/sales associates who are authorized to use the RE/MAX trademarks in connection with providing real estate brokerage services.

11. Since the early 1970s, those affiliated with the RE/MAX Network have provided real estate brokerage services in interstate commerce in the United States in connection with the for-sale sign design set forth below:







12. RE/MAX owns several U.S. Trademark Registrations for its for-sale sign design, including U.S. Trademark Registration Nos. 1,691,854; 1,702,048; 1,720,592; and 4,986,346, among others. Copies of the registration certificates for these marks are attached as **Exhibit A**.

13. With the exception of Registration Number 4,986,346, the above listed trademark registrations have achieved incontestability status under 15 U.S.C. § 1065.

14. RE/MAX also owns California State Trademark Registration No. 37219 covering its for-sale sign design. A copy of RE/MAX's California registration is attached hereto as **Exhibit B**.

15. The federal registration rights, state law rights, and common law rights of RE/MAX in the trademarks described above are collectively referred to in this Complaint as the "RE/MAX Sign Design."

16. The RE/MAX Sign Design is used by those in the RE/MAX Network on a variety of advertising media including property listing signs, directional signs, open house signs, Internet websites, business cards, television commercials, billboards, bus stop benches, banners, and other advertising and promotional items.

17. Since 1973, RE/MAX and the RE/MAX Network have invested billions of dollars to develop, promote, and maintain the RE/MAX Sign Design, among other marks owned by RE/MAX, in the United States and worldwide.

18. Franchisees and their sales associates in the RE/MAX Network have used the RE/MAX Sign Design in connection with representing either the buyer or the seller more than 25 million times in real estate sale transactions in the United States and worldwide, resulting in over five trillion dollars in sales volume from 1973 to the present.

19. At any given time, there are more than 250,000 RE/MAX property listings in the United States, almost all of which prominently display the RE/MAX Sign Design.

20. As a result of substantial sales and extensive advertising and promotion, the RE/MAX Sign Design has become widely and favorably known as identifying real estate brokerage and related services originating from, sponsored by, or associated with the RE/MAX Network.

21. The public has come to associate the well-known and distinctive RE/MAX Sign Design with the RE/MAX Network as a source of high quality real estate brokerage services.

**<u>Defendants' Acts of Infringement and Unfair Competition</u>**

22. Defendants have been and are using, in connection with real estate services, a confusingly similar sign design, examples of which are set forth below, in violation of RE/MAX's trademark rights (the "Infringing Sign Design"):

///

///

///

///

///

///







23. In August 2015, after learning of this infringement, RE/MAX sent a demand letter to Defendants notifying them of RE/MAX's rights in the RE/MAX Sign Design, and demanding that they cease use of the Infringing Sign Design.

24. Defendants were initially responsive and the parties attempted to negotiate an amicable resolution.

25. However, by December 2015, Defendants represented in no uncertain terms that they refused to change either the tri-bar format or the red, white, and blue color scheme of their Infringing Sign Design.

26. In April 2016, RE/MAX tried once more to engage Defendants in settlement negotiations, but Mr. Amen responded that there was nothing left to discuss and that he would "see [RE/MAX] in court."

27. Defendants began using the Infringing Sign Design subsequent to RE/MAX's first use and registration of the RE/MAX Sign Design.

28. Defendants have made clear that, despite having been put on notice multiple times of RE/MAX's rights in the RE/MAX Sign Design, Defendants will continue to infringe RE/MAX's rights unless enjoined.

29. Defendants' actions have caused, and will continue to cause, RE/MAX monetary, reputational, and other damages.

30. Upon information and belief, Defendants' acts are and were willful and carried out in bad faith, or with a reckless disregard for, or with a willful blindness to RE/MAX's rights, for the purpose of causing confusion and/or trading on RE/MAX's reputation and its valuable intellectual property rights.

31. Upon information and belief, Defendants have profited and continue to profit from their unlawful acts.

32. Upon information and belief, Mr. Amen personally committed, and continues to personally commit, the conduct complained of in this Complaint.

33. The intentional nature of Defendants' unlawful acts renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT I**

**Federal Trademark Infringement**

**(15 U.S.C. § 1114(1))**

34. RE/MAX realleges the allegations contained in the paragraphs above.

35. This is a claim for infringement of RE/MAX's federally registered trademarks, as depicted in **Exhibit A**.

36. Defendants' conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' real estate brokerage services, or the affiliation, sponsorship, or other relationship between Defendants and RE/MAX in violation of 15 U.S.C. § 1114(1).

37. Defendants' conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

38. Defendants have a bad faith intent to profit, and have profited, from the RE/MAX Sign Design by the use of the Infringing Sign Design in the advertisement and sale of Defendants' services.

39. By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the RE/MAX Sign Design.

40. RE/MAX has no adequate remedy at law.

**COUNT II**

**Federal Unfair Competition**

**(15 U.S.C. § 1125(a))**

41. RE/MAX realleges the allegations contained in the paragraphs above.

42. This is a claim for unfair competition, arising from Defendants' unlawful acts, including, without limitation, making false and misleading representations or descriptions of fact by suggesting Defendants are affiliated with, approved by, or licensed by RE/MAX, which is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendants' services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

44. By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with RE/MAX by infringing the RE/MAX Sign Design.

45. RE/MAX has no adequate remedy at law.

**COUNT III**

**Trademark Infringement Under California Statute**

**(Cal. Bus. & Prof. Code § 14200, et seq.)**

46. RE/MAX realleges the allegations contained in the paragraphs above.

47. This is a claim for trademark infringement of RE/MAX's California state registered trademark, as depicted in the attached **Exhibit B**.

48. Defendants' conduct is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' real estate brokerage services, or the affiliation, sponsorship, or other

relationship between Defendants and RE/MAX, in violation of Cal. Bus & Prof. Code § 14200, et seq.

49. Defendants' conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

50. By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further infringing the RE/MAX Sign Design.

51. RE/MAX has no adequate remedy at law.

**COUNT IV**

**Unfair Competition Under California Statute**

**(Cal. Bus. & Prof. Code § 17200, et seq.)**

52. RE/MAX realleges the allegations contained in the paragraphs above.

53. This is a claim for unfair competition in violation of Cal. Bus. & Prof. Code § 17200, et seq., arising from Defendants' acts complained of in this Complaint, which constitute use of a false designation of origin that is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval.

54. Defendants' conduct also constitutes an attempt to trade on the goodwill that RE/MAX has developed in the RE/MAX Sign Design, all to the damage of RE/MAX.

55. By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with RE/MAX by infringing the RE/MAX Sign Design.

56. RE/MAX has no adequate remedy at law.

**COUNT V**

**Unfair Competition Under California Common Law**

57. RE/MAX realleges the allegations contained in the paragraphs above.

58. This is a claim for common law unfair competition. Defendants' conduct misappropriates RE/MAX's valuable intellectual property rights and trades on the goodwill

symbolized by the distinctive RE/MAX Sign Design and the RE/MAX distinguishing characteristics, and is thereby likely to cause confusion or deception.

59. By their conduct, Defendants have engaged in unfair competition in violation of the common law of unfair competition in the state of California.

60. By their conduct, Defendants have caused RE/MAX irreparable harm, damage, and injury and will continue to do so unless restrained and enjoined by this Court from further unfairly competing with RE/MAX by infringing the RE/MAX Sign Design.

61. RE/MAX has no adequate remedy at law.

**Relief Sought**

WHEREFORE, RE/MAX requests that this Court:

A. Grant preliminary and permanent injunctive relief enjoining Defendants and their principals, agents, servants, employees, successors, and assigns, and all those in privity, acting in concert, or participation with them from:

(i) imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the RE/MAX Sign Design or any mark confusingly similar to the RE/MAX Sign Design, including but not limited to the Infringing Sign Design;

(ii) using any unauthorized copy or colorable imitation of the RE/MAX Sign Design or false designation of origin or description, including but not limited to the Infringing Sign Design, in such fashion as is likely to relate or connect Defendants or their businesses with RE/MAX or the RE/MAX Network or cause confusion;

(iii) using any false designation of origin or false description, including but not limited to the Infringing Sign Design, which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by RE/MAX;

(iv) causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Sign Design by unauthorized use of identical or confusingly similar marks or designs, including but not limited to the Infringing Sign Design;

(v) engaging in any other activity constituting unfair competition or infringement of the RE/MAX Sign Design or RE/MAX's rights in, or to use, or to exploit the same; and

(vi) assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (v) above;

B. Find Defendants liable for the causes of action alleged against them in this Complaint;

C. Grant an order requiring Defendants and their principals, agents, servants, employees, successors, and assigns of and all those in privity, acting in concert, or in participation with Defendants who receive actual notice of said order, to deliver up, or at RE/MAX's election certify the destruction or removal of, all signs, articles, promotional materials, advertising and any other printed materials of any kind bearing the RE/MAX Sign Design, and any mark confusingly similar to the RE/MAX Sign Design;

D. Find Defendants liable and award to RE/MAX monetary damages in an amount to be fixed by the Court in its discretion as just, including, but not limited to, all of Defendants' profits or gains of any kind resulting from Defendants' willful infringement and/or acts of unfair competition, and any damages RE/MAX suffered as a result of Defendants' actions pursuant to 15 U.S.C. § 1117(a), said damages to be trebled pursuant to 15 U.S.C. § 1117(b), and RE/MAX's reasonable attorneys' fees, costs, and exemplary damages in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117 (a)-(b) and applicable common law, state statutory law, and federal law;

E. Award RE/MAX pre- and post-judgment interest on any monetary award made part of the judgment against Defendants; and

F. Grant to RE/MAX such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

///

///

///

///

Dated: February 16, 2017

Respectfully submitted,

By: /s/ Ben M. Davidson

Ben M. Davidson
DAVIDSON LAW GROUP

Attorneys for Plaintiff

## Jury Demand

RE/MAX demands a trial by jury on all issues so triable.

Dated: February 16, 2017

Respectfully submitted,

By: /s/ Ben M. Davidson

Ben M. Davidson
DAVIDSON LAW GROUP

Attorneys for Plaintiff

# Exhibit A

**Int. Cls.: 35 and 36**

**Prior U.S. Cls.: 101 and 102**

**Reg. No. 1,691,854**

# United States Patent and Trademark Office

**Registered June 9, 1992**

## SERVICE MARK
### PRINCIPAL REGISTER

RE/MAX INTERNATIONAL, INC. (COLORADO CORPORATION)
SUITE 1200
5445 DTC PARKWAY
ENGLEWOOD, CO 80111

FOR: FRANCHISING SERVICES; NAMELY, OFFERING TECHNICAL ASSISTANCE IN THE ESTABLISHMENT AND/OR OPERATION OF REAL ESTATE AND INSURANCE BROKERAGE FIRMS, IN CLASS 35 (U.S. CL. 101).

FIRST USE 10-7-1979; IN COMMERCE 10-7-1979.

FOR: REAL ESTATE BROKERAGE AND INSURANCE BROKERAGE SERVICES, IN CLASS 36 (U.S. CL. 102).

FIRST USE 10-7-1979; IN COMMERCE 10-7-1979.

OWNER OF U.S. REG. NOS. 1,139,014, 1,158,371, AND 1,173,586.

SER. NO. 73-839,631, FILED 11-15-1989.

LINDA E. BOHANNON, EXAMINING ATTORNEY

**Int. Cls.: 35 and 36**

**Prior U.S. Cls.: 101 and 102**

**Reg. No. 1,702,048**

# United States Patent and Trademark Office

**Registered July 21, 1992**

## SERVICE MARK
## PRINCIPAL REGISTER



RE/MAX INTERNATIONAL, INC. (COLORADO CORPORATION)
SUITE 1200
5445 DTC PARKWAY
ENGLEWOOD, CO 80111

FOR: FRANCHISING SERVICES, NAMELY, OFFERING TECHNICAL ASSISTANCE IN THE ESTABLISHMENT AND/OR OPERATION OF REAL ESTATE AND INSURANCE BROKERAGE FIRMS, IN CLASS 35 (U.S. CL. 101).

FIRST USE 1-1-1974; IN COMMERCE 1-1-1974.

FOR: REAL ESTATE BROKERAGE AND INSURANCE BROKERAGE SERVICES, IN CLASS 36 (U.S. CLS. 101 AND 102).

FIRST USE 1-1-1974; IN COMMERCE 1-1-1974.

OWNER OF U.S. REG. NOS. 1,139,014, 1,158,371, AND 1,173,586.

THE DRAWING IS LINED FOR COLOR TO SHOW THE TOP RECTANGULAR BAR TO BE RED AND THE BOTTOM RECTANGULAR BAR TO BE BLUE.

THE MIDDLE BAR IS WHITE AND IS BOUNDED ON THE LEFT AND RIGHT BY DOTTED LINES TO SHOW ITS LOCATION. SUCH DOTTED LINES ARE NOT PART OF THE MARK AND NO CLAIM IS MADE TO SUCH DOTTED LINES.

SER. NO. 73-839,624, FILED 11-15-1989.

LINDA E. BOHANNON, EXAMINING ATTORNEY

Int. Cls.: 35 and 36

Prior U.S. Cls.: 101 and 102

Reg. No. 1,720,592

# United States Patent and Trademark Office

Registered Sep. 29, 1992

## SERVICE MARK
### PRINCIPAL REGISTER



RE/MAX INTERNATIONAL, INC. (COLORADO CORPORATION)
SUITE 1200
5445 DTC PARKWAY
ENGLEWOOD, CO 80111

FOR: FRANCHISING SERVICES; NAMELY, OFFERING TEHCNICAL ASSISTANCE IN THE ESTABLISHMENT AND/OR OPERATION OF REAL ESTATE AND INSURANCE BROKERAGE FIRMS, IN CLASS 35 (U.S. CL. 101).

FIRST USE 10-7-1979; IN COMMERCE 10-0-1979.

FOR: REAL ESTATE BROKERAGE AND INSURANCE BROKERAGE SERVICES, IN CLASS 36 (U.S. CLS. 101 AND 102).

FIRST USE 10-7-1979; IN COMMERCE 10-0-1979.

THE DRAWING IS LINED FOR COLOR TO SHOW THE TOP RECTANGULAR BAR TO BE RED AND THE BOTTOM RECTANGULAR BAR TO BE BLUE. THE MIDDLE BAR IS WHITE AND IS BOUNDED ON THE LEFT AND RIGHT BY DOTTED LINES TO SHOW ITS LOCATION. THE DOTTED LINES ARE NOT PART OF THE MARK AND NO CLAIM IS MADE TO SUCH DOTTED LINES.

SER. NO. 73-839,632, FILED 11-15-1989.

LINDA E. BOHANNON, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office




**Reg. No. 4,986,346**

**Registered June 28, 2016**

**Int. Cls.: 35 and 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

RE/MAX, LLC (DELAWARE LIMITED LIABILITY COMPANY)
5075 SOUTH SYRACUSE STREET
DENVER, CO 80237

FOR: ADVERTISING OF COMMERCIAL OR RESIDENTIAL REAL ESTATE; REAL ESTATE MARKETING SERVICES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1974; IN COMMERCE 1-1-1974.

FOR: REAL ESTATE AGENCIES; RESIDENTIAL REAL ESTATE AGENCY SERVICES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1974; IN COMMERCE 1-1-1974.

OWNER OF U.S. REG. NOS. 1,691,854, 1,702,048, AND 1,720,592.

THE COLOR(S) RED, WHITE, AND BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "FOR SALE", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A RECTANGULAR BACKGROUND USED ON REAL ESTATE LISTING SIGNS AND IMAGES THEREOF, CONTAINING THREE HORIZONTAL, RECTANGULAR BARS. THE TOP RECTANGULAR BAR IS RED AND CONTAINS THE WORDS "FOR SALE" IN WHITE. THE MIDDLE RECTANGULAR BAR IS WHITE AND THE BOTTOM RECTANGULAR BAR IS BLUE. THE BARS ARE SURROUNDED BY A THIN WHITE BORDER, BOUNDED BY DOTTED LINES TO SHOW ITS LOCATION; THE DOTTED LINES ARE NOT PART OF THE MARK AND NO CLAIM IS MADE TO SUCH DOTTED LINES.

SER. NO. 86-534,928, FILED 2-13-2015.

INGRID C. EULIN, EXAMINING ATTORNEY

UNITED STATES PATENT AND TRADEMARK OFFICE · DEPARTMENT OF COMMERCE

Michelle K. Lee

Director of the United States
Patent and Trademark Office

Exhibit B

# State of California

OFFICE OF THE SECRETARY OF STATE

Service Mark
Reg. No. 037219

## CERTIFICATE OF REGISTRATION OF SERVICE MARK

I, MARCH FONG EU, Secretary of State of the State of California, hereby certify:

That in accordance with the application filed in this office the SERVICE MARK described below has been duly registered in this office on behalf of:

Name of Applicant RE/MAX INTERNATIONAL, INC.

Business Address 5445 DTC Parkway, Suite 1200
Englewood, Colorado 80111

Date First Used in California October 1978

Date First Used Anywhere January 1973

Description of Service Mark Geometric (horizontal) bar design: with the top bar colored red, the middle bar appearing in white, and the bottom bar colored blue.

Class No. 102

Description of Services on Which the Service Mark is Used Real estate and insurance brokerage services.

A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

Date of Registration July 30, 1990

Term of Registration Extends to and Includes July 30, 2000

*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this

30th day of July, 1990

March Fong Eu

*Secretary of State*

SEC/STATE FORM TM-104 (Rev. 1/88)

A COPY, SPECIMEN, FACSIMILE, COUNTERPART OR REPRODUCTION OF SERVICE MARK REG. NO. 037219

RE/MAX
of the lakes
an independent member broker

**jean pedone**
broker/owner

351 railroad canyon road, suite c
lake elsinore, california 92330
office: (714) 245-1961
residence: (714) 244-9658

REALTOR MULTIPLE LISTING SERVICE MLS

SEC/STATE FORM TM-107-S

# State of California
## Secretary of State

### CERTIFICATE OF RENEWAL OF SERVICE MARK

*I, ALEX PADILLA,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Registration Number: | 37219 |
| Renewal Number: | 100523 |
| Name of Registrant: | RE/MAX, LLC |
| Business Address: | 5075 South Syracuse Street , Denver, CO 80237 |
| State of Incorporation/ Organization: | DE |
| Date First Used in California: | 10/1/1978 |
| Date First Used Anywhere: | 10/1/1978 |
| Description of mark: | BAR DESIGN Geometric Horizontal bar design with the top bar colored red, the middle bar appearing in white, and the bottom bar colored blue. |
| Description of Goods on which the mark is Used: | Real estate and insurance brokerage services |
| Class Number(s): | 36 |
| Date of Registration: | 7/30/1990 |
| Term of Registration Extends to and Includes: | 7/30/2020 |

In accordance with the application for renewal filed in this office, the mark described above has been duly renewed.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 7th day of July 2015




**ALEX PADILLA**
**Secretary of State**